## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

RUVEL ALFRED SMITH, JR.,

      Petitioner,

vs.                          Case No.:   3:13-cv-924-J-34PDB
                                                           3:97-cr-120-J-34PDB

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

This case is before the Court on Petitioner Ruvel Alfred Smith's "Petition for Reconsideration Based on Misapplication of Applicable Law," which the Court construes as a motion to alter or amend the judgment under Rule 59(e), Federal Rules of Civil Procedure. (Doc. 13, Rule 59(e) Motion).

More than 13 years after his conviction and sentence became final, Smith moved under 28 U.S.C. § 2255 to vacate his mandatory life sentence, which was imposed pursuant to 21 U.S.C. § 841(b)(1)(A) (1996). (See Doc. 1, Motion to Vacate). Among other things, Smith contended that (1) in light of Alleyne v. United States, 133 S. Ct. 2151 (2013), he was deprived of his Sixth Amendment right to a trial by jury because a judge found the two facts that, together, led to the imposition of a mandatory life sentence: (a) the drug quantity, and (b) the fact of his 1978 and 1991 Florida felony drug convictions[1];

---

[1]    In Alleyne, the Supreme Court held that any fact (other than the fact of a prior conviction) that increases the mandatory minimum sentence is an element of the crime, and as such, a defendant has the right to require the government to prove that fact beyond a reasonable doubt to a jury. 133 S. Ct. at 2162-63. The Supreme Court has also held, however, that a judge may find the fact of a prior conviction, even where doing so increases the mandatory minimum or maximum sentence, without violating the right to a trial by jury. Almendarez-Torres v. United

(2) in light of <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013), and <u>Moncrieffe v.</u> <u>Holder</u>, 133 S. Ct. 1678 (2013), the Court erred when, at the sentencing hearing in November 1997, it counted his 1978 and 1991 Florida felony drug convictions toward § 841(b)(1)(A)'s mandatory-life sentence enhancement; and (3) the Court lacked subject matter jurisdiction to convict and sentence him because the Indictment (Crim. Doc. 1) failed to allege the drug quantity.

A motion to alter or amend a judgment may be filed pursuant to Rule 59(e). Rule 59(e) affords the Court discretion to reconsider an order which it has entered. <u>See</u> <u>Mincey v. Head</u>, 206 F.3d 1106, 1137 (11th Cir. 2000); <u>O'Neal v. Kennamer</u>, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[ ]discovered evidence or manifest errors of law or fact." <u>Arthur v. King</u>, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999). For example, reconsideration may be appropriate where "the Court has patently misunderstood a party." <u>O'Neill v. The Home Depot U.S.A., Inc.</u>, 243 F.R.D. 469, 483 (S.D. Fla. 2006).

---

States, 523 U.S. 224 (1998). <u>Alleyne</u> did not call <u>Almendarez-Torres</u> into question. <u>Alleyne</u>, 133 S. Ct. at 2160 n.1. Thus, even though the judge in this case functioned as a fact-finder in determining that Smith had two prior felony drug convictions, this did not violate Smith's right to a trial by jury.

 To the extent Smith argues that he was deprived of the right to a trial by jury when the judge found the drug quantity necessary to impose a life sentence under 21 U.S.C. § 841(b)(1)(A), <u>Alleyne</u> suggests that Smith is correct. The reason why Smith is nonetheless not entitled to collateral relief is that <u>Alleyne</u> does not apply retroactively on collateral review. <u>Jeanty v. Warden,</u> <u>FCI-Miami</u>, 757 F.3d 1283, 1285-86 (11th Cir. 2014); <u>King v. United States</u>, 610 F. App'x 825, 827-28 (11th Cir. 2015).

The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact.  Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).  Additionally, motions to alter or amend "should not be used to raise arguments which could, and should, have been made before the judgment was issued." O'Neal, 958 F.2d at 1047 (quotations and citations omitted). Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites of the apple.'" Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985); see also Mincey, 206 F.3d at 1137 n.69 (citation omitted); Mays v. United States Postal Service, 122 F.3d 43, 46 (11th Cir. 1997) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law"). Accordingly, the Eleventh Circuit Court of Appeals has held that the "[d]enial of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage of the litigation."  Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotations and citation omitted). Moreover, "[w]hen evaluating a motion for reconsideration, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

Smith has not identified any new evidence or a manifest error of law or fact that warrants altering or amending the judgment.  Rather, Smith appears to misunderstand the Court's Order dismissing the Motion to Vacate (see Doc. 11, Order Dismissing Motion to Vacate), and attempts to rehash arguments that the Court already dismissed or rejected.  For example, Smith contends that "the Court determined that Petitioner's claim that his Fifth Amendment right to due process and his Sixth Amendment right to jury trial was [sic] not violated because the judge found two critical facts on which his sentence was based."  Rule 59 Motion at 1.  That is not what the Court decided.  The Court determined that Smith's Motion to Vacate was untimely because he filed it 13 years after his conviction and sentence became final, and the Supreme Court cases he relied on, Alleyne, Descamps, and Moncrieffe, could not render the Motion to Vacate timely under 28 U.S.C. § 2255(f)(3).

Smith continues to insist that his prior felony cocaine convictions (see Doc. 9-2, Section 851 Notice), in violation of section 893.13(1)(a), Florida Statutes, should not count as "felony drug offenses" for purposes of imposing a heightened sentence under 21 U.S.C. § 841(b).  Smith maintains that under Moncrieffe, these prior convictions should not qualify as "felony drug offenses" because a violation of Florida Statutes section 893.13 is not a categorical match to a federal drug offense, and because a violation of Florida Statutes section 893.13 is not necessarily a felony.  Rule 59(e) Motion at 2-4.  In doing so, Smith ignores that (a) a prior state conviction need not categorically match a federal drug offense to qualify as a "felony drug offense" for purposes of 21 U.S.C. § 841(b), see Order Dismissing Motion to Vacate at 12-13; see also 21 U.S.C. § 802(44), and (b) he

never disputed, either at his sentencing hearing or on direct appeal, that his prior cocaine convictions were felonies.

Smith also contends that the Court erred in finding that <u>Descamps</u> did not render his Motion to Vacate timely under 28 U.S.C. § 2255(f)(3).[2]  Rule 59(e) Motion at 4-5. Smith points to the Eleventh Circuit's decision in <u>Mays v. United States</u>, 817 F.3d 728 (11th Cir. 2016), in which the court held that <u>Descamps</u> applies retroactively on collateral review.  Smith suggests that if a prisoner files a Motion to Vacate within a year of a Supreme Court decision that is retroactively applicable on collateral review, then that is sufficient to render a Motion to Vacate timely under § 2255(f)(3), even if the Supreme Court decision did not initially recognize a new right.  Smith contends that <u>Dodd v. United States</u>, 545 U.S. 353 (2005), supports this construction of § 2255(f)(3).  <u>Dodd</u>, however, does not support Smith's interpretation.  Instead, it reinforces the Court's conclusion that a Supreme Court decision must both be retroactively applicable <u>and</u> initially recognize a new right in order to trigger § 2255(f)(3).  <u>Dodd</u> concerned the question of whether the one-year statute of limitations set forth in § 2255(f)(3) begins to run from "the date on which [the Supreme Court] 'initially recognized' the right asserted in an applicant's § 2255 motion, or whether, instead, [from] the date on which the right is 'made retroactiv[e].'" <u>Dodd</u>, 545 U.S. at 354-55.  The Supreme Court held that the limitations period begins to run when the Supreme Court issues the decision initially recognizing the right asserted, not when a court holds that the Supreme Court decision applies retroactively.  <u>Id.</u> at 357. The Supreme Court explained that the text of § 2255(f)(3)

---

[2]   Section 2255(f)(3) allows a prisoner to file a motion to vacate within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

limits [§ 2255(f)(3)'s] application to cases in which applicants are seeking to assert rights "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255, ¶ 6(3). That means that [§ 2255(f)(3)'s] date—"the date on which the right asserted was initially recognized by the Supreme Court"—does not apply at all if the conditions in the second clause—the right "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"—have not been satisfied.

Dodd, 545 U.S. at 358 (emphases added).  Thus, Dodd confirms what this Court said about § 2255(f)(3):  "[R]etroactivity alone is not sufficient to trigger § 2255(f)(3).  Section 2255(f)(3) has two requirements:  (1) the right invoked in the prisoner's § 2255 motion must have been 'initially recognized' or 'newly recognized' by the Supreme Court, and (2) the rule invoked in the § 2255 motion must have been made retroactively applicable."  Order Dismissing Motion to Vacate at 14-15 (citing 28 U.S.C. § 2255(f)(3)).  This Court explained that because Descamps did not initially recognize a new right, it did not trigger § 2255(f)(3).  Order Dismissing Motion to Vacate at 14 (citing Mays, 817 F.3d at 734; Abney v. Warden, 621 F. App'x 580, 583-84 (11th Cir. 2015); King v. United States, 610 F. App'x, 825, 828-29 (11th Cir. 2015)).  Because the text of § 2255(f)(3) requires a prisoner to identify a Supreme Court case that both recognizes a new right and is retroactively applicable on collateral review, the fact that Descamps did not recognize a new right precludes the use of that case to trigger § 2255(f)(3)'s alternative statute of limitations.

Finally, Smith argues that the Section 851 Notice was jurisdictionally defective because neither the Section 851 Notice nor the Indictment identified which penalty subsection of 21 U.S.C. § 841(b) applied.  Rule 59(e) Motion at 6-8.  This argument is a variation of an argument Smith made in Ground Two of his Motion to Vacate: that the Court lacked jurisdiction to convict and sentence him because the Indictment failed to

allege the drug quantity or the applicable penalty subsection.  <u>See</u> Motion to Vacate at 24-26.  The Court rejected Smith's argument that the Indictment was jurisdictionally defective because jurisdictional grounds, if made in an untimely § 2255 motion, do not avoid § 2255(f)'s statute of limitations.  Order Dismissing Motion to Vacate at 16-17. Moreover, the Court noted that the Indictment's omission of the drug quantity or the applicable penalty subsection did not render it jurisdictionally defective because it still alleged a violation of a valid federal statute, which is all an indictment must do to invoke a federal court's subject matter jurisdiction.  <u>Id.</u> at 16 n. 6.  Smith has failed to point the Court to a manifest error of law or fact that warrants revisiting this decision.  Likewise, the fact that the Section 851 Notice did not identify the drug quantity or applicable penalty subsection does not warrant altering or amending the judgment under Rule 59(e).

Smith's Rule 59(e) Motion is based partly on a misunderstanding of the Court's previous Order, and is mainly an attempt to reargue the Motion to Vacate.  Because Smith has not identified any newly discovered evidence or a manifest error of law or fact, the Rule 59(e) Motion is due to be denied.  Accordingly, it is hereby

**ORDERED:**

Petitioner Ruvel Alfred Smith's "Petition for Reconsideration Based on Misapplication of Applicable Law," (Doc. 13) construed as a motion to alter or amend the judgment under Rule 59(e), is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of October, 2016.

**MARCIA MORALES HOWARD**
United States District Judge

7

Lc 19

Copies:
Counsel of record
Pro se petitioner